# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   NO. 11-CR-1876 WJ

PAULINE YAZZIE,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

THIS MATTER comes before the Court on Defendant Pauline Yazzie's Motion to Suppress Alleged Statement Purportedly Made to the FBI on July 8, 2010 (**doc. 41**), filed October 4, 2011.  Defendant argues that her statements should be suppressed because her Fifth Amendment right to counsel was violated.  Because the Court disagrees with Defendant's version of the events of July 8, 2010, the Court finds that her rights were not violated, and therefore her motion to suppress shall be **DENIED**.

### BACKGROUND

On the morning of December 2, 2009, law enforcement personnel responded to a 911 call by Defendant and found Jasper Barber, Defendant's boyfriend, dead in their home.  Barber died of a stab wound in his chest; he was seated on a couch in their livingroom, and on his leg was a black knife with blood on the blade.

Later that day Defendant was taken into custody and questioned by the FBI Case Agent, Agent Dustin Grant.  The questioning was video taped.  Defendant was advised of her rights, and signed a form waiving her rights.  She told Agent Grant that she and Barber had been drinking

and they returned home in the early hours of December 2, 2009.  Once home, while she was occupied in another room, she heard Barber say "I'll always love you" and then heard him moan on the couch.  She noticed a knife on his leg, and called 911.  She assumed that he had stabbed himself, but had no explanation for why he would have done so.

The next day Defendant was released from custody.  She was questioned a second time on April 27, 2010.  Again Agent Grant advised her of her rights, and Defendant waived her rights and answered questions.  Her answers were materially similar to those given on December 2, 2009; she maintained that Barber had stabbed himself, and that she had not been involved in any way with his death.

Defendant voluntarily agreed to undergo a polygraph test.   The test was scheduled for July 8, 2010.  Defendant arrived at the BIA office in Shiprock and was ushered into the interview room by FBI Special Agent Jennifer Sullivan.  No part of the polygraph test or questioning was recorded.  Defendant signed two consent forms, including a waiver of Fifth Amendment rights.  After a lengthy pre-test interview, Agent Sullivan conducted the polygraph test, whereupon the polygraph equipment indicated that Defendant was lying about Barber's death.  Agent Sullivan confronted Defendant with the results, and began to question her about the events of the night.  Eventually, Defendant confessed to the killing.  She stated that Barber was abusive, and that she had stabbed him with his own knife out of fear, in order to prevent him from beating her.

## DISCUSSION

In order to resolve Defendant's Motion, the Court must make a determination of fact. The key fact upon which the legal arguments depend is whether Defendant requested an attorney before being questioned by Agent Sullivan on July 8, 2010.

At a hearing on the present motion on November 21, 2011, Agent Sullivan testified that Defendant read the advisement and waiver of rights form, and indicated that she understood it. The form is attached to Defendant's motion as exhibit A.  (Doc. 41-1.)  It reads:

> Before we ask you any questions, you must understand your rights.
>
> . . .
>
> You have the right to talk to a lawyer for advice before we ask you any questions.
>
> You have the right to have a lawyer with you during questioning.
>
> If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
>
> If you decide to answer questions now without a lawyer present, you have the right to stop answering at any time.

(Doc. 41-1.)  Agent Sullivan testified that she read the form aloud to Defendant while Defendant followed along.  Then, Agent Sullivan testified that she elaborated on the last point of the advisement, saying:

> Anytime you want to stop and get up and walk out, you're welcome to.  You're not under arrest.  I know we're at a police department.  I know that you're a little, probably, anxious at this point, but if you want to stop this test at any time and get up and leave, you can.

Hr'g Tr. 30, Nov. 21, 2011.  Then Agent Sullivan asked Defendant to read the last line aloud: "I have read this statement of my rights and I understand what my rights are.  At this time, I am willing to answer questions without a lawyer present."  (*Id.* at 30–31.)  Agent Sullivan then confirmed that Defendant understood everything on the form.  Defendant indicated that she did understand and then signed the form.  The Defendant's signature appears on the form with a date stamp of July 8, 2010, at 10:57am.  (Doc. 41-1.)

Agent Sullivan testified that after Defendant had waived her right to an attorney, she

never thereafter changed her mind or invoked her right to an attorney in any way, but that instead she answered all of the Agent's questions without protest.

Defendant does not dispute that she waived her right to an attorney at the commencement of the interview; however, at a hearing on the present motion on November 28, 2011, Defendant testified that after the polygraph test, when Agent Sullivan confronted her with the results of the test, Defendant invoked her right to counsel. Defendant further testified that Agent Sullivan denied Defendant's request for an attorney, telling her it was "too late for that," and then continued to interrogate Defendant.

The key factual question is whether or not Defendant invoked her right to counsel. Defendant maintains that she did, Agent Sullivan that she did not. Both accounts of the events of July 8, 2010, cannot be true—either Defendant asked for an attorney or did not—and so for purposes of Defendant's motion the Court must make a credibility determination.

After considering the totality of the evidence, and closely observing the demeanor of the witnesses during their testimony, the Court concludes that the testimony of Agent Sullivan is the more credible. Therefore the Court determines that the weight of the evidence shows that Defendant did not invoke her right to counsel during the questioning of July 8, 2010.

Defendant's arguments in her motion are premised on the fact that she invoked her right to an attorney and was denied that right. Defendant makes no other argument for suppression.

Therefore, in accordance with the Court's factual determinations, because Defendant waived her right to counsel at the beginning of the interrogation on July 8, 2010, and did not afterward invoke her right by asking for an attorney, the interrogation did not violate her Fifth Amendment right to have the advice of an attorney. Accordingly, Defendant's Motion to Suppress Alleged Statement Purportedly Made to the FBI on July 8, 2010 is **DENIED**.

**SO ORDERED**.

                                        _____
                                        UNITED STATES DISTRICT JUDGE