IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

V.                                                  Case No. 11-CR-1876 WJ

PAULINE YAZZIE,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING UNITED STATES' MOTION IN LIMINE TO INTRODUCE STATEMENTS PURSUANT TO FED. R. EVID. 803

THIS MATTER comes before the Court on the United States' Motion In Limine to Introduce Statements Pursuant to Federal Rule of Evidence 803 (doc. 62), filed November 25, 2011.  The Court has considered the submissions of the parties, and the arguments and evidence from the hearing on this matter held before the Court on June 18, 2012, and finds that the United States' motion is not well taken and shall be **DENIED**.

### DISCUSSION

Defendant is charged with the murder of Jasper Barber on December 2, 2009.  Mr. Barber died of stab wounds to his chest.  Several years prior to his death, in 2004, Mr. Barber was admitted to a hospital with two stab wounds to his chest.  Mr. Barber made statements regarding the cause of the wounds to various individuals during and after his hospital stay.  The United States seeks to admit various statements in which Mr. Barber indicated that Defendant had stabbed him.  Defendant seeks to admit various statements that reflect that Mr. Barber stabbed himself.[1]  At the evidentiary hearing on June 18, 2012, the United States called Dr. Charles Mallender, Officer Julia Smiley, Alberta Scott, Delphine Redshirt, and Stacy Barber.

---

[1] Defendant articulates her desire to admit these statements in her response to the United States' motion, rather than in her own motion; nevertheless, as Defendant made oral motion at the June 18 hearing to admit such statements, the Court will address the merits of Defendant's arguments in her response as though Defendant had filed her own motion to admit the statements.

Defendant cross-examined these witnesses and called FBI Special Agent Grant and Yolanda Barber.

The United States argues that Mr. Barber's statements are excited utterances under Fed. R. Evid. 803(2). An excited utterance is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Id.

> The so-called excited-utterance exception has three requirements: (1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event. There is no precise amount of time between the event and the statement beyond which the statement cannot qualify as an excited utterance. Admissibility hinges on a statement's contemporaneousness with the excitement a startling event causes, not the event itself.

*U.S. v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010) (internal citations, quotations, and alterations omitted). "The basis for the 'excited utterance' exception . . . is that such statements are given under circumstances that eliminate the possibility of fabrication, coaching, or confabulation, and that therefore the circumstances surrounding the making of the statement provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous." *Idaho v. Wright*, 497 U.S. 805, 820 (1990). In this case, the evidence supplied by the United States does not provide such an assurance. Mr. Barber's statements to Ms. Redshirt were made the following day, once Mr. Barber had already been released from the hospital and was being driven home. His statements to Ms. Scott were made several days after that, and his statements to Stacy Barber were made nearly four years after the event. The evidence does not support the idea that Mr. Barber was in such a state of excitement when he made these statements that there was no possibility of fabrication, coaching, or confabulation. Indeed, Mr. Barber made numerous, directly inconsistent statements about how he had been wounded, most of them closer in time and excitement to the actual stabbing; therefore, Mr. Barber was clearly capable during the entire episode of fabrication, since his statements are

inconsistent. Accordingly, the Court finds that the proffered statements do not qualify as excited utterances under Fed. R. Evid. 803(2).

The United States also argues that the proffered statements qualify under Fed. R. Evid. 803(3) as "statement[s] of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)." 803(3) excludes "statement[s] of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." The Tenth Circuit court explained that:

> Case law makes it clear that a witness may testify to a declarant saying "I am scared," but not "I am scared because the defendant threatened me." The first statement indicates an actual state of mind or condition, while the second statement expresses belief about why the declarant is frightened. The phrase "because the defendant threatened me" is expressly outside the state-of-mind exception because the explanation for the fear expresses a *belief* different from the *state of mind* of being afraid.

*U.S. v. Ledford*, 443 F.3d 702, 709 (10th Cir. 2005) (emphasis in original). In the same way, while a statement by Mr. Barber that he was frightened could potentially be admissible under 803(3), statements about why he was afraid, and especially statements about how he had been stabbed, do not qualify for admission under 803(3).

Accordingly, both grounds argued by the United States for the admissibility of the proffered statements fail, and the United States' motion is hereby DENIED.

Defendant seeks to admit statements made by Mr. Barber to emergency medical personnel and to Mr. Paytiamio. Defendant has provided the Court with essentially no evidence regarding these statements, and therefore the Court is unable to determine whether any statements potentially made by Mr. Barber to these individuals qualifies for admission under the rules of evidence. Accordingly, the Court makes no ruling on Defendant's oral motion to introduce such statements.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE